IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSSUE FLORES, #38710-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-0766-B-BK |
| | § | (3:09-cr-00196-B-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner filed a *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(2) in light of the Supreme Court decision in *Dorsey v. United States*, ___U.S. ___, 132 S. Ct. 2321 (June 21, 2012). On February 15, 2013, after providing notice under *Castro v. United States*, 540 U.S. 375 (2003), the Court re-characterized the section 3582(c)(2) motion as a motion to vacate sentence under 28 U.S.C. § 2255, and directed Petitioner to submit his pleadings on the appropriate form. (Doc. 2). The response deadline was March 15, 2013. As of the date of this recommendation, however, Petitioner has not responded to the Court's order, nor has he sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

1

Petitioner has been given ample opportunity to respond to the Court's February 15, 2013, order.  He has impliedly refused or declined to do so.  Therefore, this action should be dismissed without prejudice for lack of prosecution.  *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED April 2, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.** It is unclear whether the higher standard for dismissal with prejudice for want of prosecution, *see Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985), would be applicable to the *Dorsey* claim at issue in this case.  The Government previously noted that its "general policy is not to assert a procedural bar [such as the one-year limitations period] to preclude a defendant from raising a *Dorsey* claim."  (*See* Doc. 37 at 3 in criminal case number 3:09-cr-00196-B-1).  Nevertheless, the Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing a motion to vacate sentence, *see* 28 U.S.C. § 2255(f), and that this provision will be applicable to a subsequent petition that he may file in this court.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE